UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE C. THOMPSON, | ) | CASE NO.  5:11cv37 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WILLIAM J. HEALY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Ronnie C. Thompson filed this *in forma pauperis* action against Canton Mayor William J. Healy, Canton Chief of Police, Canton Police Officer Ranalli, Canton Police Officer Barnhouse, Canton Detective John Doe, and Canton Internal Affairs Department. The complaint, which asserts claims under 42 U.S.C. § 1983 and pendant state law claims, alleges Thompson was subjected to excessive force during the course of his arrest.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Thompson's claims against defendants Chief of Canton Police Department, Ranalli, Barnhouse, and John Doe may have arguable merit, the same cannot be

said regarding the his claims against the other two defendants. The Canton Internal Affairs Department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio, Oct.16, 2006). It is merely a section of a department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 *3 (E.D. Tenn. Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F. Supp. 2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally existing entity). Further, there are no allegations connecting Mayor Healy to the acts of which plaintiff complains. Therefore, the Canton Internal Affairs Department and William J. Healy are not proper parties to this action.

For the foregoing reasons, defendants Canton Internal Affairs Department and William J. Healy are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e), and the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on the remaining defendants. **A copy of this order shall be included with the documents to be served on those defendants.**

**IT IS SO ORDERED**.

Dated: May 19, 2011

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**