**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

RONNIE C. THOMPSON,                 )      CASE No. 5:11CV37
                                    )
            Plaintiff,              )
                                    )
    v.                              )      JUDGE SARA LIOI
                                    )      Magistrate Judge George J. Limbert
                                    )
WILLIAM J. HEALY, et al.,           )
                                    )      **INTERIM REPORT &**
                                    )      **RECOMMENDATION**
            Defendants.             )      **OF MAGISTRATE JUDGE**

        The instant case is before the undersigned on a motion for default judgment (ECF Dkt.

#4), two motions for summary judgment (ECF Dkt. #s 5, 7), and a motion for summary

preliminary injunction (ECF Dkt. #6) filed by pro se Plaintiff, Ronnie C. Thompson ("Plaintiff").

In addition, the City of Canton Police Department and Canton Internal Affairs Department have

filed a motion to dismiss Plaintiff's complaint against them.  ECF Dkt. #13.  On July 12, 2011,

Judge Lioi issued an Amended Order of Referral for the undersigned to prepare Reports and

Recommendations on dispositive motions.  ECF Dkt. #17.

        For the following reasons, the undersigned recommends that the Court DENY Plaintiff's

motion for default judgment (ECF Dkt. #4), motions for summary judgment (ECF Dkt. #s 5,7)

and his motion for summary preliminary injunction (ECF Dkt. #6).  The undersigned further

recommends that the Court GRANT IN PART AND DENY IN PART the motion to dismiss

filed by the City of Canton Police Department and the Canton Internal Affairs Department.  ECF

Dkt. #13.

**I.      FACTS AND PROCEDURAL HISTORY**

        On January 6, 2011, Plaintiff filed a complaint pursuant 42 U.S.C. § 1983 alleging a

plethora of claims against numerous Defendants.  ECF Dkt. #1.  Plaintiff identified the

Defendants as: William J. Healy-Mayor of the City of Canton, the City of Canton Police Department, the Chief of Canton Police Department ("Chief"), Canton Police Officer F.G. Ranalli ("Officer Ranalli"), Canton Police Officer J.A. Barnhouse ("Officer Barnhouse"), Detective John Doe, and Canton Police Department of Internal Affairs. *Id.* at 3.  With his complaint, Plaintiff filed a "Service of Process by the U.S. Marshal" form, summonses, and a prisoner account statement.  ECF Dkt. #1.

In his complaint, Plaintiff averred that on January 5, 2010, Officer Ranalli signaled from his police cruiser for Plaintiff to pull over his car.  ECF Dkt. #1 at 3.  Plaintiff alleges that Officer Ranalli ordered him out of the car, to put his hands up and to get on the ground.  *Id*. at 3-4.  Plaintiff avers that Officer Ranalli used excessive force against him in searching and arresting him.  *Id*. at 4.  He further alleges that Officer Barnhouse failed to intervene or stop Officer Ranalli's assaults.  *Id.*  Plaintiff further avers that he was charged by the Canton Police Department with failure to comply, resisting arrest, obstruction of justice, and improper left turn. ECF Dkt. #1 at 5.  He states that his vehicle was impounded but all charges against him were dropped except for the failure to comply.  *Id.*

Plaintiff further avers that the Chief allowed Detective John Doe to investigate and "continue a prosecution" of him without probable cause and to function without adequate training necessary to determine if probable cause existed to prosecute.  ECF Dkt. #1 at 6. Plaintiff alleges that Detective John Doe wrongfully and unlawfully charged him with failure to comply without due process and legal right or cause.  *Id*.  Plaintiff further avers that the "City of Canton, Director(s)" deprived him of his constitutional rights without probable cause, and the Director(s) acquiesced in "unlawful acts of Defendants as described above and tolerated such acts without honest and aggressive duty owed to investigate." *Id*. Plaintiff states that "defendants Director(s) of City of Canton, officials perceived the foreseeable result that employees officers will and do commit unwarranted arrests while functioning in the course and scope of their duties constitutes denial of due process, cruel and unusual punishment, equal protection of the law and

2

probable cause in violation of 4th, 8th, and 14th amendments of the U.S. Constitution." *Id*. at 6-7.

Finally, Plaintiff alleges that on August 18, 2010, he filed an Internal Affairs complaint regarding the January 5, 2010 incident with Officers Ranalli and Barnhouse.  ECF Dkt. #1 at 7. Plaintiff states that Internal Affairs never responded and tolerated such actions without minimum honest and aggressive duty owed to investigate.  *Id.*

In the claims for relief section of his complaint, Plaintiff alleges that Officers Ranalli and Barnhouse deprived him of his federal due process and equal protection rights and committed cruel and unusual punishment, which "constitute the tort of negligence under state law."  ECF Dkt. #1 at 8.  Plaintiff further alleges that Defendant City of Canton Directors acquiesced and tolerated the officers' acts and "without honest and aggressive duty owed to investigate thus defendants- directors City of Canton, Ohio officials perceived the foreseeable result that employees officers will and do commit unwarranted arrests while functioning in the course and scope of their duties."  *Id*.  In doing so, Plaintiff avers Defendant City of Canton Directors denied him of "due process, cruel and unusual punishment equal protection under the law, and probable cause in violation of the 4th, 8th, and 14th amendments of the United States Constitution under the color of state law."  *Id*.  Plaintiff also alleges the same allegations against the Chief, alleging that the Chief "permitted the deprivation of plaintiff's protected constitutional rights without probable cause need or provocation in the unlawful acts of defendants Police Officers Ranalli and Barnhouse and Detective John Doe."  *Id*.  In addition, Plaintiff alleges the tort of negligence under the State law of Ohio as she was subject to indignity, humiliation, pain and suffering of the mind and body.  *Id*. at 9.  Plaintiff further asserts that Canton Ohio Internal Affairs Department failed to investigate the complaint filed on August 18, 2010 and in doing so, breached the duty owed of reasonable care to Plaintiff as a public agency with authority to investigate.  *Id*. Plaintiff avers that this resulted in "dereliction of duty and negligence in the investigation when complaint is filed against Police Officers in Canton, Ohio Police Department that has no law enforcement

purpose, that is implemented with due regard to the law." *Id*.  Thus, Plaintiff avers the Chief violated Plaintiff's 4th, 8th, and 14th Amendments rights under the color of state law.  *Id.*

On March 7, 2011, Plaintiff filed an entry for default judgment, stating that Defendants failed to respond to his complaint within 21 days.  ECF Dkt. #3.  Plaintiff thereafter filed a motion for default judgment, a motion for summary judgment, and a motion for preliminary injunction on April 1, 2011.  ECF Dkt. #s 4-6.  Plaintiff filed an additional motion for summary judgment on May 18, 2011.  ECF Dkt. #7.

Although Plaintiff did not supply a motion for in forma pauperis status with his complaint, the Court treated Plaintiff's inmate statement filed with the complaint as a request for in forma pauperis status.  ECF Dkt. #8.  On May 19, 2011, Judge Lioi granted Plaintiff's request to proceed in forma pauperis.  *Id*.  Judge Lioi ordered that Plaintiff pay an initial partial filing fee in the amount of $9.16 and a total court-filing fee in the amount of $350.00.  *Id.*  The Court ordered the initial partial filing fee to be deducted from Plaintiff's prisoner account given that funds are available until the fee is satisfied.  *Id*.  Plaintiff has since paid partial filing fees in the amount of $9.16 and $14.20 on June 14, 2011.  *Id.*

In addition to granting Plaintiff's request to proceed in forma pauperis, the Court dismissed Defendant Canton Police Department Internal Affairs and Defendant William J. Healy Mayor of Canton from this action on May 19, 2011.  ECF Dkt. #9.  On the same day, the Court directed the Clerk's Office to forward the appropriate documents to the U.S. Marshal for service of process on the remaining Defendants.  *Id.*

The Chief, Officer Ranalli, Detective John Doe, and Officer Barnhouse received service via certified mail on May 23, 2011.  ECF Dkt. #11.  On June 10, 2011, Defendants filed their answer to the complaint.  ECF Dkt. #12.  On June 13, 2011, the City of Canton Police Department and Canton Police Department Internal Affairs filed a motion to dismiss Plaintiff's complaint against them.  ECF Dkt. #13.

## II.    LAW AND ANALYSIS

### A.    Plaintiff's motion for default judgment (ECF Dkt. #4) and motions for summary judgment (ECF Dkt. #5,7)

When an individual is granted leave to proceed in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases."  28. U.S.C 1915(d). Rule 4(c)(3) of the Federal Rules of Civil Procedure dictates that the Court order a United States Marshal to serve Plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. 1915."  Fed. R. Civ. P. 4(c)(3).  In this case, the Court directed the Clerk's Office to forward the appropriate documents to the U.S. Marshal for service of process on May 19, 2011 after authorizing Plaintiff to proceed in forma pauperis.  ECF Dkt. #9.  Plaintiff's motion for default judgment and two motions for summary judgment preceded the Court's granting of his in forma pauperis status and the service of process of Plaintiff's complaint on the Defendants as Plaintiff filed his motion for default judgment and first motion for summary judgment on April 1, 2011 and he filed his second motion for summary judgment on May 18, 2011.  ECF Dkt. #s 4, 5, 7.  Therefore, Plaintiff's motion for default judgment and two motions for summary judgment were premature, as the remaining Defendants did not receive service until May 23, 2011.  ECF Dkt. #11.  Consequently, the undersigned recommends that the Court deny as premature Plaintiff's motion for default judgment and his two motions for summary judgment. ECF Dkt. #s 4,5,7.

### B.    Plaintiff's motion for summary preliminary injunction (ECF Dkt. #6)

Moreover, with regard to Plaintiff's motion for summary preliminary injunction, the undersigned notes that this document is merely a request that the Court grant Plaintiff's motion for summary judgment and order Defendants to pay the amounts that he requests in his complaint.  ECF Dkt. #6.  The undersigned recommends that the Court deny this motion as no such motion exists in the Federal Rules of Civil Procedure and any motion relating to the motions for summary judgment would also be premature on the same basis as the motions for

5

summary judgment themselves.

**C**.    **Defendant Canton Internal Affairs Department and Canton Police Department's Motion to Dismiss (ECF Dkt. #13)**

On June 13, 2011, Defendants Canton Internal Affairs Department and the Canton City Police Department filed a motion to dismiss Plaintiff's complaint against them, arguing that they cannot be sued because they are not entities sui juris. ECF Dkt. #13. In the docket text of this filed motion, it indicates that the "Canton Internal Affairs Department" and the "Chief of Canton Police Department" have filed the instant motion to dismiss. ECF Dkt. #13 docket text. However, the motion to dismiss itself identifies the "Canton Internal Affairs Department" and the "Canton City Police Department"and not the Chief, as the parties requesting dismissal. ECF Dkt. #13.

The undersigned first recommends that the Court deny as moot the motion insofar as it requests dismissal of the Canton Internal Affairs Department since the Court already dismissed this Defendant on May 19, 2011 as an entity not capable of being sued. ECF Dkt. #9 at 1-2.

The undersigned further recommends that the Court grant the Canton City Police Department's motion to dismiss to the extent that Plaintiff attempts to sue the Canton Police Department and its officers and Chief in their *official* capacities. Suing government officials and agents in their official capacities equates to a suit against the officials' or agents' government agency. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67 (1989). A municipal police department is not an entity capable of being sued. *Elkins v. Summit County, Ohio*, No. 5:06CV3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008), unpublished, citing *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000)("[a]dministrative units of a local government, such as a municipal police department, are not sui juris because they lack the power to sue, and cannot be sued absent positive statutory authority."); *Greenlee v. Cleveland*, No. 1:03CV2410, 2005 WL 2249920, at *7 (N.D. Ohio Sept. 15, 2005), unpublished ("police departments are not sui juris entities- that is they are not capable of being sued as a matter of law"). Accordingly, the undersigned recommends that the Court GRANT the Canton Police

6

Department's motion to dismiss the police department and its Chief and officers in their official capacities.

### III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DENY Plaintiff's motion for default judgment, motions for summary judgment, and motion for summary preliminary injunction as premature.  ECF Dkt. #s 4, 5, 6, 7.  The undersigned further recommends that the Court DENY IN PART AND GRANT IN PART the motion to dismiss filed by Canton Internal Affairs Department and the Canton City Police Department.  ECF Dkt. #13.  The undersigned recommends that the Court DENY AS MOOT the motion to dismiss the Canton Internal Affairs Department and GRANT the motion to dismiss the Canton Police Department and its Chief and officers in their official capacities.  *Id.*


Date:   July 14, 2011                                          */s/  George J. Limbert*
                                                                           GEORGE J. LIMBERT
                                                                           UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).